**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

WILBERT GLOVER,

Civil No. 22-1121 (JRT/TNL)

                 Plaintiff,

v.

                                   **MEMORANDUM AND ORDER GRANTING**

AMERICAN CREDIT ACCEPTANCE and        **DEFENDANTS' MOTION TO DISMISS**
KEITH KULAS,

                 Defendants.

---

Wilbert Glover, 1299 Marion Street, Saint Paul, MN 55117, *pro se* Plaintiff.

Sharon Robin Markowitz, **STINSON LLP**, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, for Defendants.

Plaintiff Wilbert Glover brought this action against American Credit Acceptance ("ACA") and its employee, Keith Kulas, claiming they violated his civil rights under 42 U.S.C. § 1981 when they made racially discriminatory comments and lied about his payment history on his car loan, which negatively impacted his credit score. ACA and Kulas filed a Motion to Dismiss, arguing that (1) audio recordings of phone conversations between ACA and Glover indicate that no racially discriminatory comments were made, and (2) even if ACA employees had made racial remarks, those employees did not have any role in lying about Glover's payment history so Glover's complaint should be dismissed. While the Court cannot consider the phone recordings of the phone conversations because they constitute matters outside the pleadings, the Court will

nevertheless grant the Defendants' Motion to Dismiss because Glover's complaint does not plausibly allege a violation of 42 U.S.C. § 1981.

## BACKGROUND

### I.    FACTS

Glover alleges that he has had an automobile loan with ACA since 2019, which requires that he make monthly payments to ACA.  (Compl. ¶ 7, Apr. 29, 2022, Docket No. 1.)  According to his complaint, Glover has never been late on a payment to ACA.  (*Id.* ¶ 8.)

In June 2020, Glover allegedly received a letter regarding a payment dispute of $729.00.  (*Id.* ¶ 7.)  Glover called ACA's customer service to talk about the letter, and he claims he spoke with a woman in the executive office who stated his account was a "disaster" and said "You Black people Wilbert Glover hate to pay bills," and then terminated the call.  (*Id.*)  Glover asserts he tried calling the executive office back several times to make a complaint about the woman's statement.  (*Id.* ¶ 8.)  He alleges that his call was never answered, and that ACA blocked his phone number.  (*Id.*)

Sometime later, Glover sought to purchase a house, but was denied.[1]  (*Id.*)  The mortgage agency allegedly informed Glover that he was denied because of a missed ACA

---

[1] Glover alleges that he tried to buy a home in March 2021, but that he was denied because of a missed payment in February 2022—which is 11 months **after** he was allegedly denied.  (Compl. ¶¶ 8, 9.)  However, because this discrepancy is not dispositive, the Court will not address it.

payment in February 2022, which caused his credit score to drop 147 points to 549.  (*Id.* ¶ 9.)  Glover alleges that ACA caused his credit score decrease by wrongfully reporting that he was behind on his car payments.  (*Id.* ¶ 8.)

To resolve the situation, Glover tried to call ACA, but his phone number was still blocked, so he had to use his nephew's phone.  (*Id.* ¶ 9.)  The call connected, and Glover allegedly spoke with a woman who he claims told him that the supervisor did not want to talk with him.  (*Id.* ¶ 10.)  Later that day, Glover allegedly used his nephew's phone to call ACA again, and he spoke with Keith Kulas.  According to Glover, Kulas stated that ACA received a payment on November 29, 2021, but no payments during the month of December.  (*Id.* ¶ 9.)  Kulas then allegedly told Glover "you Black people make up a excuse not to pay your bill."  (*Id.*)

## II.   PROCEDURAL HISTORY

Glover filed a complaint against ACA and Kulas on April 29, 2022.  He alleges that they violated 42 U.S.C. § 1981 by discriminating against him on the basis of race.[2]  (Compl. ¶¶ 4, 10.)  On August 25, 2022, Defendants filed a Motion to Dismiss.  (Mot. Dismiss, Aug.

---

[2] In Paragraph 10 of the complaint, Glover states that he was denied "public services because of **race and age**."  (Compl. ¶ 10 (emphasis added).)  The Court interprets "public services" to refer to fair payment history reporting.  Because this is the only mention of age discrimination in the entire complaint, and Glover alleges no facts in support of any age discrimination, Glover has failed to plausibly plead an age discrimination claim.  *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain . . . factual matter.").  Accordingly, the Court dismisses not only Glover's race discrimination claim, but also any related age discrimination claim.

25, 2022, Docket No. 7.)  Defendants argue that the Court should grant their Motion because (1) their recordings of the conversations between Glover and ACA employees indicate that his allegations of racial remarks are unfounded, and (2) even if the ACA employees made racial remarks, those remarks do not plausibly allege unlawful discrimination under § 1981.  (Mem. Supp. Mot. Dismiss at 6, Aug. 25, 2022, Docket No. 9.)  From their perspective, the claimed discriminatory statements are not actionable because Glover does not allege that the employees who spoke with Glover had any role in lying about his payment history.  (*Id.*)  Glover opposes the Defendants' Motion, arguing that ACA breached its loan contract with him by intentionally lying about his payment history, which decreased his credit, and that he plausibly alleged discriminatory, racially motivated actions.  (Pl.'s Obj. Mot. Dismiss at 2–3, Aug. 31, 2022, Docket No. 15.)

## DISCUSSION

### I.    STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face."  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The Court construes the complaint in the light most favorable to

the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the "elements of the prima facie case are [not] irrelevant to a plausibility determination in a discrimination suit." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (internal citation omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). The Court may also consider matters of public record and exhibits attached to the pleadings, as long as those documents do not conflict with the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Materials considered "matters outside the pleading" are "any written or oral evidence in support of or in opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the

pleadings." *BJC Health System v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8ᵗʰ Cir. 2003) (citing *Gibb v. Scott*, 958 F.2d 814, 816 (8ᵗʰ Cir. 1995)).

## II.   ANALYSIS

### A.   DEFENDANTS' AUDIO RECORDINGS

The first issue is whether the Court can consider the audio recordings submitted by Defendants in its 12(b)(6) analysis.  Because the audio recordings are not embraced by the pleadings, the Court cannot consider them at this time.

It is true that the Court may consider "those materials necessarily embraced by the pleadings" in its Rule 12 analysis.  *Schriener*, 774 F.3d at 444.  The Court has previously held that those materials may include audio recordings, such as those submitted by Defendants in this action.  *See, e.g., Doe v. Innovate Fin.*, No. 21-1754, 2022 WL 673582 at *1 n.3 (D. Minn. Mar. 7, 2022) ("While the recording of the phone call was not submitted with the Complaint, it can properly be considered by the Court on the motion to dismiss as it is necessarily embraced by the Complaint.  The Complaint mentions the phone call and the recording of it and discusses what transpired during the call.").  In contrast, material will be considered "outside the pleadings" if it is "in support of or in opposition to the pleadings" and "provides some substantiation for and does not merely reiterate what is said in the pleadings."  *BJC Health System*, 348 F.3d at 687 (citing *Gibb*, 958 F.2d at 816).

Here, the Court cannot consider the audio recordings that the Defendants submitted to the Court because they are outside the pleadings.  In the complaint, Glover

indicates that his calls with ACA were recorded.  (Compl. ¶ 7.)  Defendants filed four audio

recordings along with their Motion to Dismiss that each include a different phone

conversation between Defendants and Glover.  (Decl. S. Syvret at 1–2, Aug. 25, 2022,

Docket No. 10.)  These recordings are "in opposition to" the complaint because they are

used to contest Glover's claims of racial remarks.  (Compl. ¶¶ 7, 9.)  In other words, the

recordings substantiate the Defendants' assertion that there were no racial remarks.  This

indicates the audio recordings are outside the pleadings.

    Further, the Defendants' audio recordings may not be the only recordings relevant

to Glover's claim.  *See BJC Health System*, 348 F.3d at 688 (concluding that documents

provided by the defendant were "matters outside the pleading" because they were

provided to discredit the plaintiff's complaint, and it was uncertain whether those

documents were even the documents plaintiff alleged in its complaint).[3]  It is possible that

the recordings presented by Defendants are not the sole basis for his complaint, and

Glover should be "given the opportunity to discover additional evidence supporting [his]

allegations."  *Id.* at 687; *contrast with Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir.

1997) (holding that the statements in question could have properly been considered as

---

[3] Of relevance to this action, the Eighth Circuit in *BJC Health System* explained that "[i]t is true that the plaintiff must supply any documents upon which its complaint relies, and if the plaintiff does not provide such documents the defendant is free to do so.  Here, however, [plaintiff] alleged the existence of a contract, not a specific document, and the documents provided by [defendant] were neither undisputed nor the sole basis for [plaintiff's] complaint." *BJC Health System*, 348 F.3d 685, 688 (8th Cir. 2003).  As such, the documents were considered outside the pleadings.  *Id.*

part of the motion to dismiss because they were the sole basis for the complaint and their content was not disputed).

Because the audio recordings provided substantiation in opposition to Glover's complaint, they are considered outside the pleadings.  Subsequently, the Court cannot consider them in its 12(b)(6) analysis.

### B.    MOTION TO DISMISS

The second issue is whether, ignoring the audio recordings, Defendants' Motion to Dismiss should be granted because Glover failed to plead "a claim to relief that is plausible on its face."  *Braden*, 588 F.3d at 594.  Because the Court concludes that Glover has not plausibly pleaded his claim, the Court must dismiss his complaint.

Glover argues that the discriminatory statements made by ACA employees violate 42 U.S.C. § 1981.  Among other things, 42 U.S.C. § 1981 provides that all persons within the United States have the same right to make and enforce contracts, regardless of their race.  42 U.S.C. § 1981(a).  "Make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1981(b).  Glover seems to suggest that ACA breached its loan agreement with him by falsely stating that he missed payments.

A plaintiff may prove unlawful racial discrimination under § 1981 "through either direct or circumstantial evidence."  *Lucke v. Solsvig*, 912 F.3d 1084, 1087 (8th Cir. 2019)

(citing *Young v. Builders Steel Co.*, 754 F.3d 573, 577 (8th Cir. 2014)).  Direct evidence of discrimination exists if the claimant alleges discriminatory statements by decision-makers.  *King v. United States*, 553 F.3d 1156, 1160–61 (8th Cir. 2009).  If the claimant fails to allege direct evidence, then the *McDonnell Douglas* framework for indirect evidence may apply.[4]  *See generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See also Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985) ("[T]he *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination."); *Bashara v. Black Hills Corp.*, 26 F.3d 820, 823 (8th Cir. 1994) (noting that the *McDonnell Douglas* framework does not apply in cases of direct discrimination because "when direct evidence of discrimination exists, the plaintiff need not establish a prima facie case because creating an inference of discrimination is unnecessary.").

### a.  Direct Discrimination

First, though Glover claims ACA employees made discriminatory statements to him, those allegations do not plausibly plead direct discrimination because Glover has not alleged that those employees are decisionmakers.  To qualify for direct discrimination

---

[4] Though the *McDonnell Douglas* framework was initially developed in context of Title VII, the Eighth Circuit has since also applied its burden-shifting framework to 42 U.S.C. § 1981 and the Age Discrimination in Employment Act of 1976 ("ADEA") cases.  *Roxas v. Presentation College*, 90 F.3d 310, 315 (8th Cir. 1996); *Richmond v. Bd. of Regents of Univ. Minn.*, 957 F.2d 595, 598 (8th Cir. 1992) ("the prima facie showing for a section 1981 claim is the same as for a Title VII claim").  As such, *McDonnell Douglas* and the extensive Eighth Circuit precedent applying the framework to Title VII, § 1981, and ADEA cases is persuasive authority for the Court to apply the framework in the present action.

CASE 0:22-cv-01121-JRT-TNL   Doc. 20   Filed 01/11/23   Page 10 of 14


analysis, the plaintiff must allege "conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude" of an organization. *Radabaugh v. Zip Feed Mills, Inc.*, 997 F.2d 444, 449 (8th Cir. 1993) (defining direct discrimination in the ADEA context) (internal citation omitted). In other words, alleged statements are not direct evidence of discrimination unless they are "uttered by individuals closely involved" in decisions. *King v. Hardesty*, 517 F.3d 1049, 1058 (8th Cir. 2008) (citing *Beshears v. Asbill*, 930 F.2d 1348, 1354 (8th Cir. 1991)), overruled on other grounds by *Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011). *See also In Rivers-Frison v. Southeast Missouri Community Treatment Center*, 133 F.3d 616, 619 (8th Cir. 1998) (holding that alleged racist comments by employees of an organization were not direct evidence that the organization itself intended to discriminate).

Here, Glover claims that Kulas and "some lady in [the] executive office" made racially discriminatory statements, and that ACA lied about Glover's payment history. (Compl. ¶ 7.) However, Glover has not pleaded that Kulas or the woman in the executive office had any decision-making authority or otherwise caused ACA to make false statements about his payment history. Direct evidence "does not include 'stray remarks in the workplace,' 'statements by nondecisionmakers,' or 'statements by decisionmakers unrelated to the decision process.'" *Barkhoff v. Bossard North America, Inc.*, 684 F.Supp.2d 1096, 1106 (N.D. Iowa 2010) (quoting *King*, 553 F.3d at 1160). Since Glover's

complaint does not allege that Kulas and the woman in the executive office were involved in the decision to lie about Glover's payment history, Glover has failed to plausibly plead direct discrimination.

### b. Indirect Discrimination

Glover has also failed to plausibly plead indirect discrimination under 42 U.S.C. § 1981. The *McDonnell Douglas* burden-shifting framework applies to cases arising under § 1981 where there is no direct evidence of discrimination. *Patterson v. McLean Credit Union*, 491 U.S. 164, 186 (1989), *superseded in part by* the Civil Rights Act of 1991. *See also Harris v. Hays*, 452 F.3d 714, 717–18 (8th Cir. 2006). The *McDonnell Douglas* standard exists to ensure that the "plaintiff has his day in court despite the unavailability of direct evidence." *Trans World Airline*, 469 U.S. at 121 (quoting *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1014 (1st Cir. 1979)).

Under the *McDonnell Douglas* framework, the claimant must first establish a prima facie case of discrimination. *Harris*, 452 F.3d at 717–18. "A plaintiff establishes [this] by showing (1) membership in a protected class; (2) the intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity (i.e., the making and enforcement of contracts)." *Id.* at 718 (quoting *Daniels v. Dillard's, Inc.*, 373 F.3d 885, 887 (8th Cir. 2004)). Once a claimant establishes a prima facie case, "an inference of discrimination arises." *Patterson*, 491 U.S. at 187. The burden then shifts to the defendant to show a legitimate, nondiscriminatory reason for the challenged action. *Id.*

-11-

To survive a motion to dismiss, the allegations in the complaint must give plausible support to the *McDonnell Douglas* prima facie requirements.  *See Warmington v. Bd. Of Regents of Univ. of Minn*., 998 F.3d 789, 796 (8ᵗʰ Cir. 2021) (affirming a motion to dismiss in a sex discrimination case).  Though the complaint need not set forth a "detailed evidentiary proffer," the Court should consider the prima facie elements as "a prism to shed light upon the plausibility of the claim."  *Blomker*, 831 F.3d at 1056 (internal citation omitted).   The complaint "must include sufficient factual allegations to provide the grounds on which the claim rests."  *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8ᵗʰ Cir. 2009) (en banc).

Here, Glover has not made sufficient factual allegations to support his discrimination claim under the *McDonnell Douglas* framework.  While the first element is arguably satisfied because Glover has plausibly pleaded he belongs to a protected group, Glover has not plausibly pleaded the second *McDonnell Douglas* requirement: that Defendants intended to discriminate against him on the basis of race.  This element is typically satisfied with evidence that a "similarly-situated person of another race received more favorable treatment."  *Lucke*, 912 F.3d at 1087.  That person must be similarly situated in all relevant respects, meaning that they possess "all the relevant characteristics the plaintiff possesses except for the characteristic about which the plaintiff alleges discrimination."  *Id.*

Glover has not plausibly alleged this element.  He has not pleaded any circumstantial facts that suggest Defendants intended to discriminate against him on the basis of race.  He has also not alleged any similarly-situated people of other races whose payment history was not falsely reported.  *See Lucke*, 912 F.3d at 1088 (affirming the district court's grant of summary judgment in favor of a defendant in part because the plaintiff did "not identify a similar-situated individual of another race who received more favorable treatment.").  Glover merely pleads that ACA lied about his payment history "because of race," which is a legal conclusion.  And the court is not bound by this conclusion because it is not supported by the factual allegations in Glover's complaint.  *See Ashcroft*, 556 U.S. at 678; *Warmington*, 998 F.3d at 797 (classifying plaintiff's pleading that she was terminated from her employment on the basis of her sex as a mere legal conclusion).

## CONCLUSION

Though the Court cannot consider the Defendants' audio recordings at this time, it nevertheless grants Defendants' motion to dismiss without prejudice[5] because Glover failed to plausibly plead a claim to relief under 42 U.S.C. § 1981.

---

[5] "Without prejudice" means that Glover may refile this action in the future. In order for the complaint to go forward, defects in the pleadings noted in this Order must be corrected. *See Dismissed Without Prejudice*, Black's Law Dictionary (11th ed. 2019).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [ECF No. 7] is **GRANTED.**

Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  January 11, 2023
at Minneapolis, Minnesota.                                    _____

                                                                                      JOHN R. TUNHEIM
                                                                         United States District Judge

-14-